IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11098
Summary Calendar
_____


ALVIN COLEMAN,

                                        Plaintiff-Appellant,

versus

BRUCE WAYNE WORTHAM, # 584610, Price Daniel Unit;
T.J. MEDART, Warden, Price Daniel Unit; NFN SWEETEN,
Assistant Warden, Price Daniel Unit; MAJOR SMITH,
Price Daniel Unit; CAPTAIN RANSBURGER, Price Daniel
Unit; NFN ROTH, State Unit Classification,
Price Daniel Unit

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-181-C
--------------------
March 23, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Alvin Coleman, Texas inmate # 665951, appeals the dismissal

of his civil rights suit under 28 U.S.C. 1915A.  Coleman argues

that he is entitled to the restoration of his good-time credits

and to compensatory and punitive damages because his due process

rights were violated during a disciplinary proceeding.  Because

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Coleman has not shown that his conviction or sentence has not been invalidated, he fails to state a claim, and the district court's dismissal was proper. See Heck v. Humphrey, 512 U.S. 477, 487 (1994); Edwards v. Balisok, 520 U.S. 641 (1997).

Coleman argues that the defendants' refusal to provide him with a safe environment was a violation of his Eighth Amendment rights against cruel and unusual punishment. Coleman has alleged only that another inmate made verbal threats against him. The Prison Litigation Reform Act prohibits prisoners from recovering for mental or emotional injury suffered while in prison, absent a showing of physical injury. 42 U.S.C. § 1997e(e); Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999). Thus, this claim is subject to dismissal under 28 U.S.C. § 1915A.

Coleman argues that after he filed grievances about Inmate Wortham he was falsely accused of being at the scene of a riot. A prison official may not retaliate against or harass an inmate for exercising his right of access to the courts or other First Amendment rights. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). If Coleman's allegation that prison officials filed a false disciplinary report against him because he filed grievances about Inmate Wortham's verbal threats is true, Coleman has sufficiently alleged that he exercised a constitutional right and that he suffered an adverse act. Thus, the district court's

dismissal of this portion of Coleman's suit is vacated, and the case is remanded for further proceedings.

AFFIRMED IN PART; VACATED AND REMANDED IN PART