IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11286
Conference Calendar
_____

LARRY K. JOHNSON,

                                        Plaintiff-Appellant,

versus

JOHN GILBERT, Regional Director; NO FIRST NAME JAMES, JR.,
Food Service Manager; E. BOND, Warden; D. BRYANT, Licensed
Vocational Nurse; BILLY WILLIAMS, Correctional Officer III;
C. DAVIS, Correctional Officer III; B. WEDEKING, Correctional
Officer III; T. DRIVER, Sergeant; D. LEA, Correctional Officer
III; H. TALIB, Chaplin; S. SCOTT, Correctional Officer III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-261
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:*

     Larry K. Johnson, Texas state prisoner # 577737, appeals the

magistrate judge's dismissal as frivolous of his civil rights

complaint.  28 U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1).

Johnson argues that the magistrate judge abused her discretion in

dismissing as frivolous his claims that the defendants violated

his constitutional right to the free exercise of religion by not

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

providing him with a pork-free diet.  He also contends that the magistrate judge abused her discretion in dismissing as frivolous his claim that defendants Williams and Bryant retaliated against him by denying him medication on one occasion.

Johnson's claims that he was served meals containing pork before and after being placed on the "pork-free" list are mere negligence claims, which do not rise to the level of a constitutional violation.  George v. King, 837 F.2d 705, 707 (5th Cir. 1988); Eason v. Thaler, 73 F.3d 1322, 1328 n.2 (5th Cir. 1996).

Johnson offers nothing more than his conclusional assertions that he was denied medication on one occasion in retaliation against him because he filed a prior grievance against Williams.  An inmate's personal belief that he is a victim of retaliation is not sufficient to support a claim.  Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

Johnson's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

The dismissal of this appeal and the dismissal as frivolous by the magistrate judge each count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Johnson, therefore, has two "strikes" under 28 U.S.C. § 1915(g).  We caution Johnson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.