United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-41493
Summary Calendar

MARK ANDREW LEWIS,

Plaintiff-Appellant,

versus

MICHAEL K. LOTT; MICHAEL J. HAAK;
SUSAN L. YOUNG; RICHARD M. FLORES,

Defendants-
Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-99-CV-30
--------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mark Andrew Lewis, Texas prisoner # 694240, seeks leave to proceed in forma pauperis (IFP) following the district court's certification that his appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3). The district court dismissed his 42 U.S.C. § 1983 complaint as frivolous. By seeking IFP status in this court, Lewis is challenging the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification that his appeal is not taken in good faith. <u>See</u> <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).

Lewis's allegations fail to make out a valid claim for retaliation. His assertion that prison officials "planted" contraband items in his cell is conclusory, and therefore Lewis has failed to show that any retaliatory adverse act occurred. <u>See</u> <u>Jones v. Greninger</u>, 188 F.3d 322, 324-25 (5th Cir. 1999). In addition, several of the alleged acts of retaliation occurred after Lewis exposed himself to a female officer; as the district court correctly concluded, Lewis had no constitutional right to expose himself to a female officer.

Lewis also complains that an officer retaliated against him by "snitch jacking," which apparently refers to the act of publicly indicating a prisoner is an informer, or "snitch." A prisoner does have a right to communicate his concerns to prison officials. <u>See</u> <u>Gibbs v. King</u>, 779 F.2d 1040, 1046 (5th Cir. 1986). However, Lewis's pleadings fail to show that the statement in question was made with the intent to retaliate. <u>See</u> <u>Jones</u>, 188 F.3d at 324-25.

Lewis's remaining claims involve a long list of disciplinary reports; however, Lewis has not clearly explained what specific constitutional right he exercised to trigger these alleged acts of retaliation. <u>See</u> <u>Jones</u>, 188 F.3d at 324-25. Although Lewis has filed numerous grievances and has been the subject of numerous disciplinary reports, he has not shown either direct evidence of a retaliatory motive or "a chronology of events from which retaliation may plausibly be inferred." <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1995).

Because Lewis has not shown that his appeal involves legal points arguable on their merits, his motion to proceed IFP should be denied. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983). His appeal is without arguable merit and should be dismissed. <u>See</u> <u>Baugh</u>, 117 F.3d at 202

n.24; 5TH CIR. R. 42.2. The dismissal of his complaint and appeal as frivolous each count as one strike for purposes of 28 U.S.C. § 1915(g), and he has already received two strikes as a result of the dismissal of his complaint and appeal in Lewis v. Dretke, No. 02-40956 (5th Cir. Dec. 11, 2002)(unpublished). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Therefore, Lewis has accumulated three "strikes" under 28 U.S.C. § 1915(g). He is BARRED from bringing any civil action or appeal in forma pauperis while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury. Lewis is further CAUTIONED to review any pending appeals to ensure that they do not raise frivolous issues.

IFP DENIED; APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.