United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60347
Conference Calendar

_____

STANLEY BRUCE COLEMAN,

Plaintiff-Appellant,

versus

LARRY HARDY; CHRISTOPHER EPPS;
DISCIPLINARY DEPARTMENT; DOLAN WALLER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-15-BN
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Stanley Bruce Coleman, Mississippi prisoner # 32612, appeals
the dismissal of his civil-rights action against prison officials
in which he alleged that his due-process rights had been violated
in disciplinary hearings resulting in his loss of visitation
privileges and his prison job. Coleman concedes that there is no
constitutionally protected liberty interest in visitation but
argues that his Fourteenth Amendment rights were violated by not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

being allowed to attend the disciplinary hearing after which he lost his visitation rights. Coleman also argues that, although he had no constitutional liberty interest in his prison job, prison regulations created a liberty interest. Because Coleman's claims that he was denied due process during the disciplinary proceedings call into question the validity of the punishment Coleman received, those claims are not cognizable in a 42 U.S.C. § 1983 action. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Coleman also argues that the district court erred in dismissing his complaint without an opportunity to amend or an evidentiary hearing. The district court did not err because Coleman has stated no viable claim. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999). The judgment of the district court is AFFIRMED.