United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10209
Conference Calendar

_____

BRENDA LEE FORD,

                                        Plaintiff-Appellant,

versus

NFN GUTHRIE, Doctor, Federal Medical Center - Carswell; FEDERAL
MEDICAL CENTER CARSWELL MEDICAL REVIEW BOARD; NFN PARA, Doctor,
Federal Medical Center - Carswell; NFN RESTO, Doctor, Federal
Medical Center - Carswell; NFN BALLOM, Doctor, Federal Medical
Center - Carswell; NFN LORENZI, Doctor, Federal Medical Center -
Carswell,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-87-A
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    This opinion is being substituted for the one originally

filed on June 23, 2004, in order to correct errors in identifying

the basis under which plaintiff's claim was filed.

    Brenda Lee Ford, federal prisoner # 26255-077, appeals the

dismissal of her civil rights action pursuant to 28 U.S.C.

§§ 1915(e), 1915A(b).  Ford's motion for leave to file a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supplemental brief in which she requests to be allowed to supplement her original brief with three documents is DENIED.

Ford argues that during her initial screening at the time she entered the prison system she was placed on certain medical restrictions and that the later removal of those restrictions by the defendants was without any medical support. Because Ford's contentions manifest only a disagreement with her medical treatment, she has not stated a valid constitutional claim. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Ford also argues that she should have been afforded the opportunity to amend her complaint before it was dismissed sua sponte. The district court does not err in dismissing a suit without providing an opportunity to amend where, as here, no viable claim is perceptible from the underlying facts asserted in the plaintiff's pleadings. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999); 28 U.S.C. § 1915(e)(2).

Ford's appeal is without arguable merit and is therefore DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of her complaint and appeal in this matter each count as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Ford has accumulated at least one additional "strike." See Ford v. Bogan, No. 01-11496 (5th Cir. Apr. 10, 2002) (unpublished). Because Ford has accumulated at least three strikes under 28 U.S.C. § 1915(g), she is BARRED from proceeding

IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTIONS IMPOSED.