**James Stephen JONES, Plaintiff–Appellant,**

v.

**M.L. GRENINGER; et al., Defendants,**

**M.L. Greninger; Yolanda Cornelius; Ralph Figueroa, Defendants–Appellees.**

No. 98–11041.

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1999.

James Stephen Jones, Seagoville, TX, pro se.

Frank D. Able, Assistant U.S. Attorney, Dallas, TX, for Defendants–Appellees.

■■■■■■■■■■■■■■■■■■■■

Before JOLLY and SMITH, Circuit Judges, and STAGG,* District Judge.

PER CURIAM:

James Stephen Jones appeals the district court's partial dismissal of his retaliation claims and the complete dismissal of his Eighth Amendment claim against various personnel at the Federal Correctional Institute at Seagoville, Texas. Jones alleges that the defendants have engaged in a conspiracy to deny his constitutional rights in retaliation for his filing of various grievances. Specifically, Jones alleges that the defendants have retaliated against him by limiting his right of access to the court. He further alleges that the defendants have violated his Eighth Amendment right to be protected from other inmates, by refusing to transfer him to another unit. The district court adopted the recommendations of the magistrate judge and entered judgment pursuant to Federal Rule of Civil Procedure 54(b) dismissing all of Jones's claims with prejudice, except the retaliation claim against Roberts. Jones filed a timely notice of appeal. Finding Jones has alleged no facts sufficient to sustain his claims, we affirm the judgment of the district court.

I

A

■■■ Initially, we must address the validity of the procedure that the district court followed upon receiving the appellees' 12(b) motion. The district court treated the appellees' motion to dismiss for failure to state a claim, filed after the answer, as a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). Because a rule 12(b) motion must be filed before responsive pleadings, the appellees' motion was untimely. Rule 12(c) motions, however, may be filed after the pleadings are closed. Such motions will be treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted. Thus, the district court did not err when it construed the defendants' motion as one for judgment on the pleadings. *See National Ass'n of Pharmaceutical Mfrs. v. Ayerst Laboratories,* 850 F.2d 904, 909 n. 4 (2d Cir.1988).

B

■■■ The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Fee v. Herndon,* 900 F.2d 804, 807 (5th Cir.1990). We review the district court's conclusion that the plaintiff failed to state a claim on which relief may be granted de novo. *Giddings v. Chandler,* 979 F.2d 1104, 1106 (5th Cir. 1992). In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Doe v. Hillsboro Independent School Dist.,* 81 F.3d 1395, 1401 (5th Cir. 1996). The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. *Id.* Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint. *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir.1996).

II

A

■■■ To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2)

* District Judge of the Western District of Louisiana, sitting by designation.

the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). The inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.) *cert. denied*, —— U.S. ——, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id.* (citation omitted). Further, if the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir.1996)(dismissing an inmate's claim for failure to demonstrate a violation of a constitutional right); *Woods*, 60 F.3d at 1166 (stating "[t]o state a claim, an inmate must allege the violation of a specific constitutional right").

 Jones, in an extensive pleading, alleges that Roberts, Greninger, Cornelius, and Figueroa have engaged in retaliatory conduct against him as a result of his filing various grievances, by conspiring to deprive him of his right to access to the court. Although it is true that prison officials may not retaliate against or harass an inmate by denying him access to the courts, Jones is unable to demonstrate that the actions of the appellees have run afoul of this constitutional right.

 It has long been recognized that prisoners generally enjoy the constitutional right of access to the court. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393

U.S. 483, 483–85, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969). This right of access for prisoners is not unlimited, however. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997). It encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement. *Id.* citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). Inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 518 U.S. at 355, 116 S.Ct. 2174. Instead, they are guaranteed "the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.*

Jones alleges that as a result of his recent transfer to Food Services, he will be limited to approximately five hours per week to conduct legal research.[1] Jones asserts that such a limitation on his right to avail himself of the resources contained in the prison law library violates his constitutional right of access to the court. Limiting Jones to five hours of library time a week will not result in a violation of his constitutionally protected right of access to the court.

 The right of access to the court "does not afford prisoners unlimited access to prison law libraries." *McDonald*, 132 F.3d at 230. Limitations may be placed on library access "so long as the regulations are reasonably related to legitimate penological interests." *Id.* (citations omitted). The Tenth Circuit has recently addressed the constitutionality of limiting an inmate to only two hours per week in a prison library. *White v. Gregory*, 87 F.3d 429 (10th Cir.1996). The court held: "[t]he sole basis of [the inmate's] claim is that he

---

1. It should be noted that Jones's pleadings acknowledge that Figueroa agreed that Jones would be allowed 1½ hours a day to work on his case if he completed all of his job duties. Although Jones alleges that such a promise proved meaningless, there are no specific facts asserted that would support this conclusional allegation. Nevertheless, for purposes of this opinion, we will assume Jones is correct on this point.

was allowed to use the library only two hours per week. Prisoners are not entitled to unlimited access to the law library, and we agree with the district court's conclusion that the limitation on [the inmate's] access did not amount to a constitutional violation." *Id.* at 430 (citations omitted). Additionally, in *Bounds,* the Supreme Court's seminal case regarding an inmate's right of access to the court, the Court held constitutional the limiting of a North Carolina inmate to one day (eight hours) of access to a law library a month. *Bounds,* 430 U.S. at 817, 97 S.Ct. 1491.

It is clear that limiting Jones's access to the law library to five hours a week as a result of a job reassignment does not violate his right of access to the court. All we need say is that we rely on Supreme Court precedent in *Bounds,* to hold that limiting Jones's access effectively to about twenty hours a month will surely pass constitutional muster. As such, because Jones has alleged no facts sufficient to demonstrate that the appellees have engaged in conduct that will result in a violation of his right of access to the court, his retaliation claim fails.[2] Thus, the district court was correct in dismissing such claims with respect to Greninger, Cornelius, and Figueroa.

**B**

■■■ Jones next asserts that the dismissal of his Eighth Amendment claim based on the defendants' failure to protect him from other inmates was in error. To prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Newton*

*v. Black,* 133 F.3d 301, 308 (5th Cir.1998); *see also Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The district court dismissed this claim under the Prison Litigation Reform Act's ("PLRA") statutory bar of recovery for emotional or mental damages absent a physical injury.[3] Jones's complaint and reply do not allege any physical injury. His claim for damages is therefore barred. Thus, the district court was correct in dismissing Jones's claims based on an Eighth Amendment violation.

**C**

■■■ After affirming the district court's dismissal of Jones's claims, the issue now arises as to whether such dismissal should be with or without prejudice. The district court dismissed Jones's claims with prejudice. "Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff *an* opportunity to amend." *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998); *see also Jacquez v. R.K. Procunier,* 801 F.2d 789, 792 (5th Cir.1986). In *Jacquez,* the court pointed to the potential problems that will inevitably occur as a result of this general rule:

> if the protections afforded public officials are not to ring hollow, *plaintiffs cannot be allowed to continue to amend or supplement their pleading until they stumble upon a formula that carries them over the threshold.* Such a protracted process is likely to disrupt public officials from their duties.... At some point a court must decide that a plaintiff *has had a fair opportunity to make his case;* if, after that time, a cause has not been established, the court should finally dismiss the suit.

---

**2.** In the light of this holding, it appears that Jones's retaliation claim against Roberts, alleging interference with his right of access to the court, also fails to state a valid constitutional claim. Roberts has not filed a notice of appeal, however. Thus, this court is without appellate jurisdiction to address Jones's claim against Roberts in this respect.

**3.** The PLRA provides in part: "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

*Jacquez,* 801 F.2d at 792. The court went on to state that if a complaint alleges the plaintiff's best case, there is no need to remand for a further factual statement from the plaintiff. *Id.; see also Bazrowx,* 136 F.3d at 1054 (holding that a district court does not err in dismissing a pro se complaint with prejudice if the court determines the plaintiff has alleged his best case).

We can perceive of no viable claim Jones could include in an amended petition with regard to these underlying facts. Thus, the district court did not err when it dismissed Jones's retaliation claims with prejudice.

### III

In sum, we hold that Jones has failed to allege any facts sufficient for him to succeed on his retaliation claims asserting violations of his constitutional right of access to the court. We further affirm the dismissal of his Eighth Amendment claim. We also hold that his allegations of reversible procedural error are without merit.[4] Finally, we uphold the dismissal of all the claims with prejudice. There remains before the district court, however, Jones's single retaliation claim against Roberts. Thus, the case is REMANDED to the district court for proceedings not inconsistent with this opinion.

AFFIRMED and REMANDED.

---

4. Jones avers that the district court committed two reversible procedural errors. First, Jones argues that the district court erred by failing to give him a reasonable opportunity to respond before the court converted the defendants' rule 12(b)(6) motion into a summary judgment. This argument is without merit because the district court did not convert the defendants' rule 12(b)(6) motion into a summary judgment. Instead, the district court converted the appellees' motion into a 12(c) motion for judgment on the pleadings.

Second, Jones argues that his rights were violated by the district court's adoption of the magistrate judge's findings and recommendations before the court had received his objections thereto. This apparent error occurred because the district court erroneously stamped the incorrect date on Jones's objections when they were received. The district court issued an order two days after Jones refiled his objections, in which it acknowledged the apparent error in the date stamped on the first set of objections, and explained that it had the objections before it before it acted on the magistrate judge's recommendations. Absent any contrary evidence that might suggest clear error, we will accept the court's explanation of this matter.