IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10053
Conference Calendar
_____

JOHNNY R. SIMMONS,

Plaintiff-Appellant,

versus

W. HOWARD, Warden; K. THOMAS, Major;
R. LEWIS; HARGROVE, Shift Supervisor;
OLIVAREZ, Shift Supervisor; B. DAVIS,
Correctional Officer III,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-242-C
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Johnny R. Simmons, Texas state prisoner # 578087, filed an in forma pauperis (IFP) complaint under 42 U.S.C. § 1983 alleging that prison officers wrongly filed a disciplinary charge against him for threatening a guard. A prisoner seeking damages based on a prison disciplinary decision that has not been overturned may not proceed under § 1983 if a judgment in his favor would necessarily imply the invalidity of the decision. Heck v.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Humphrey, 512 U.S. 477, 486-87 (1994); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc). Simmons concedes that he has not had his disciplinary decision or penalties invalidated. The district court's dismissal as frivolous of Simmons's constitutional claims arising out of the disciplinary proceedings was not an abuse of discretion. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

Simmons's retaliation claim is not independent from the claims arising out of the disciplinary proceedings. He does not allege that the disciplinary action was filed against him for any reason other than his alleged threat to the corrections officer. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). The district court did not abuse its discretion in dismissing Simmons's retaliation claim as frivolous.

We hold that the appeal is without arguable merit, and it is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissals of the complaint and of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We caution Simmons that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.