IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40102
Conference Calendar

_____


JOHNNY E. ROGERS ET AL.,

                                        Plaintiffs,

JAMES A. ISAAC,

                                        Plaintiff-Appellant,

versus

GREGG FLORES; ARTHUR JAMES; TERRY ADKINS;
RICHARD LAPOINTE; JACKIE EDWARDS,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
No. G-98-CV-615
---------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

        James Isaac, Texas prisoner # 677940, appeals from the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant
to 28 U.S.C. § 1915(e)(2).  Isaac argues that the district court
erred when it did not grant him leave to amend the complaint
prior to its dismissal.

        Isaac's argument that the district court abused its
discretion in refusing to allow him to amend his complaint is

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

factually frivolous. He did amend his complaint once, and he did not seek permission to amend or present a second complaint after the magistrate judge had recommended dismissal.

Issac further argues that the district court erred when it dismissed his complaint as frivolous based on its determination that he had not alleged a constitutional violation. Issac argues that the defendants violated his substantive due process rights by re-assigning him to a more onerous job in retaliation for his good-faith use of the prison grievance system.

To state a claim of retaliation, an inmate must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Isaac cannot establish that he was retaliated against for exercise of his constitutional right to use the prison grievance system. See Jackson v. Cain, 864 F.2d 1235, 1249 (5th Cir. 1989) (recognizing that right). Although he argues that he was demoted to a less desirable job in retaliation for filing grievances, the grievance forms as well as his pleadings reveal that he did not begin to file grievances until after he had received his job re-assignment. The district court therefore did not err in dismissing his complaint. Isaac's appeal is without arguable merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is therefore DISMISSED. 5TH CIR. R. 42.2.