United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-41463
Summary Calendar

DAVID ARRON HERNANDEZ,

Plaintiff-Appellant,

versus

CAL WOOTEN, SR.; HARRELL, Captain;
FILLMORE, Lieutenant,

Defendants-
Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-79
-----------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Arron Hernandez, Texas prisoner # 646920, appeals the 28 U.S.C. § 1915(e)(2)(B)

dismissal as frivolous of his 42 U.S.C. § 1983 civil rights lawsuit. He renews his failure-to-protect

and excessive-force claims but briefs no argument regarding his claims that he was retaliated against,

that he was discriminated against, or that the appellees' conduct violated his due-process rights and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the Ruiz consent decree, and those claims are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court did not abuse its discretion in dismissing Hernandez's claims as frivolous. The failure-to-protect claim fails because Hernandez alleged no resulting physical injury. See Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999). The excessive-force claim fails because Hernandez alleged only that he had been handcuffed too tightly, resulting in pain and swelling; there was no allegation that the handcuffs were applied with the intent to cause him pain or that he was subjected to any force other than the handcuffing. See Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001).

Hernandez's appeal is without arguable merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g), and this court's dismissal of the instant appeal counts as a second strike. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Hernandez is CAUTIONED that if he accumulates three strikes he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.