**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 20, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-51292
Summary Calendar

LARRY WAYNE BLACKSTOCK,

Plaintiff-Appellant,

versus

GARY JOHNSON; FIRST NAME UNKNOWN HARTNETT; SAMMY SEALE;
FIRST NAME UNKNOWN ESTES; ANTOINE BLANKENSHIP,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-1105
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Larry Wayne Blackstock, Texas inmate # 405623, proceeding

pro se and in forma pauperis ("IFP"), appeals the dismissal on

summary judgment of his 42 U.S.C. § 1983 complaint.  Blackstock

does not challenge the magistrate judge's determination that he

did not allege personal involvement on the part of defendants

Johnson and Hartnett, and he does not challenge the dismissal for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failure to prosecute of his claims against defendant Blankenship. Accordingly, Blackstock has abandoned an appeal of the dismissal of these claims. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Blackstock contends that the magistrate judge erred by granting summary judgment. He argues that a disputed issue of material fact exists concerning whether Estes' reading of the grievance in front of an officer and another inmate caused the assault. He asserts that the magistrate judge erred by dismissing his conspiracy and retaliation claims and by refusing to require the defendants to comply with the discovery requests.

We review a dismissal on summary judgment de novo. Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993). To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial; the nonmovant cannot meet his burden with conclusional allegations, unsubstantiated assertions, or a scintilla of evidence. FED. R. CIV. P. 56(e); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The magistrate judge concluded that because Blackstock admitted that Estes did not strike him, Estes could not have used excessive force. The magistrate judge concluded, on the failure to protect claim, that Blackstock did not make a sufficient showing to survive summary judgment on the question whether Estes acted with deliberate indifference to Blackstock's safety, that

Estes acted negligently, and that such conduct was not actionable under 42 U.S.C. § 1983.

The record shows that in the analysis of the issues, the magistrate judge treated the issue of fact that Blackstock alleges is in dispute as a substantiated fact. Blackstock has not demonstrated that a material fact is in dispute, and he has not challenged sufficiently the magistrate judge's reasons for granting summary judgment on the excessive force and failure to protect issues. FED. R. CIV. P. 56(e); Little, 37 F.3d at 1075.

Blackstock asserts that the magistrate judge erred by dismissing his conspiracy and retaliation claims. Blackstock asserts but has not shown that the defendants conspired and retaliated against him for pursuing his right to file a grievance. Blackstock's personal beliefs and conclusional allegations are not sufficient to establish actionable claims of conspiracy and retaliation under 42 U.S.C. § 1983. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

Blackstock reiterates the issues that he raised against the additional defendants who allegedly aided and abetted the conspiracy. The magistrate judge dismissed these issues because Blackstock did not seek leave to amend or supplement the complaint, he did not comply with the deadline set by the scheduling order, and he did not show that the issues had been exhausted. Blackstock has not challenged the magistrate judge's

reasons for denying leave to amend or supplement and has abandoned any such challenge.  See Brinkmann, 813 F.2d at 748.

Finally, the record and Blackstock's admission demonstrate that Blackstock did not serve timely discovery requests.  The scheduling order required the completion of discovery on or before July 29, 2002, and that written discovery be served "to allow the responding party at least thirty days (thirty-three days if served by mail) to respond before the close of discovery."  The order provided that the "responding party [did] not have any obligation to respond to written discovery if the response to the requested discovery would be due after the close of discovery."

Blackstock admitted that he served admissions on July 26, 2002.  He did not comply with the scheduling order, and he did not seek leave to extend the discovery period.

Blackstock has not shown error in the grant of summary judgment that dismissed his complaint.  Accordingly, the judgment is AFFIRMED.