**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 15, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30589
Summary Calendar

_____

CLARENCE SAMUELS,

Plaintiff-Appellant,

versus

FRANK HAMMOND,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-2395
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Clarence Samuels, Louisiana inmate # 133005, appeals the district court's dismissal of his civil rights complaint as frivolous and for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). We affirm in part and vacate and remand in part.

Samuels alleged that he led a religious group in a meeting which discussed whether the group should file a grievance against a prison employee. He alleged that, after the grievance was filed,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was charged with a disciplinary violation pertaining to the meeting.

Prison officials may not retaliate against or harass an inmate for exercising the right of access to the courts, nor may prison officials retaliate against an inmate for pursuing grievance claims. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986). To state a claim of retaliation, an inmate must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." Id. at 325 (quotations, internal quotations, and citation omitted).

The chronology of events alleged by Samuels adequately states a nonfrivolous retaliation claim. See id.; Woods, 60 F.3d at 1164; Gibbs, 779 F.2d at 1046. Accordingly, the judgment of the district court is VACATED with respect to Samuels' retaliation claim, and such claim is REMANDED to the district court for further consideration. This opinion does not address plaintiff's arguments that his claim is not time barred and that the state court judgment concerning this matter is res judicata.

Apart from the retaliation claim discussed above, to the extent that Samuels' complaint may be read to state claims for (1) the violation of his due process rights or (2) the filing of a false disciplinary charge, as discussed in the magistrate judge's report,

Samuels has abandoned such claims by failing to brief them.  <u>See</u>
<u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly,
with respect to such claims, the judgment of the district court is
AFFIRMED.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.