United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-50066
Summary Calendar
_____

MARTIN STRINGER; ET AL.,

                                        Plaintiffs,

DONALD BARKER,

                                        Plaintiff-Appellant,

                    versus

DAVIS MOUNTAIN PROPERTY OWNERS ASSOCIATION, INC.; STEVE
BARR; SANDRA HOLZHEUSER; JOE ROWE; DON TANNER; JEFF
FISHER; CHUCK SANDERS; HAZEL LOCKLEAR; JAN GARNET; MARY
FRED; M. A. ROWE; BILL BURNS; JOE BROOKS, SR.,

                                        Defendants-Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-02-CV-35-F
-----------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

    Donald Barker appeals the grant of judgment on the pleadings in favor of the appellees.  In

his complaint, he alleged that the appellees committed mail fraud and violated the RICO Act and

Hobbs Act.  He also alleged violations of the Voting Rights Act.

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

First and contrary to Barker's arguments, the district court properly considered the appellees' motion to dismiss as a motion for judgment on the pleadings under FED. R. CIV. P. 12(c). Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999). The district court's consideration of matters of public record did not convert the motion for judgment on the pleadings into a motion for summary judgment. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995). As for Barker's cause of action under the Voting Rights Act, Barker, in response to the appellees' motion for judgment on the pleadings, did not contest the appellees' assertion that the Voting Rights Act did not apply.

With regard to the mail-fraud claim, Barker pleaded no facts showing that the appellees made any false representations. In re Burzynski, 989 F.2d 733, 742 (5th Cir. 1993). As for the Hobbs Act claim, Barker failed to allege that the appellees' supposed extortion affected commerce. United States v. Robinson, 119 F.3d 1212 (5th Cir. 1997).

Because Barker failed to state claims of either mail fraud or extortion, the two alleged predicate acts, he failed to adequately plead a "pattern of racketeering" as required by 18 U.S.C. § 1962. Burzynski, 989 F.2d at 741. Accordingly, the district court's judgment is AFFIRMED. This court DENIES Barker's motion for summary judgment. This court also DENIES Barker's motion for costs and the appellees' request for sanctions under FED. R. APP. P. 38.

AFFIRMED; MOTIONS FOR SUMMARY JUDGMENT AND COSTS DENIED; MOTION FOR SANCTIONS DENIED.