United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20150
Summary Calendar

_____

DUKE STEWART ELLIOTT,

Plaintiff-Appellant,

versus

JAY T. MORGAN, Warden II; GLENN W. SMITH, Assistant
Warden; PRISCILLA DALY; MICHAEL P. ODWYER, Captain;
CYNTHIA A. WOOD, Officer; JAMES JONES,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1585
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Duke Elliott appeals a FED. R. CIV. P. 12(b)(6) and summary

judgment dismissal of his 42 U.S.C. § 1983 complaint. We affirm.

The district court did not err in dismissing Elliott's

retaliation and Eighth Amendment harassment claims pursuant to rule

12(b)(6). The chronology of events alleged in the complaint do not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

allow for the drawing of a plausible inference of retaliation. See Jones v. Greninger, 188 F.3d 322, 25 (5th Cir. 1999). Similarly, the allegations fall short of identifying behavior on the part of Warden Morgan of the type necessary to state an Eighth Amendment harassment claim. See Hudson v. Palmer, 468 U.S. 517, 530 (1984).

Further, the district court did not err in its summary judgment qualified immunity determination that Elliott had not established the violation of a clearly established constitutional right insofar as he alleged that the routine, cross-gender body cavity searches violated his Fourth Amendment right to privacy; no such right is clearly established under either controlling authority or a consensus of the persuasive authority. See McClendon v. City of Columbia, 305 F.3d 314, 323, 329 (5th Cir. 2002) (en banc). We therefore do not reach Elliott's argument that the district court erred when it held, in the alternative, that, as a matter of law, he was not entitled to the requested relief. Given that Elliott received adequate notice of the constitutional issue dispositive of his Fourth Amendment claim and responded thereto, we find no error in the decision to award summary judgment to the unserved defendants. See NL Indus., Inc. v. GHR Energy Corp., 940 F.2d 957, 965 (5th Cir. 1991).

AFFIRMED.