United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20905
Summary Calendar

GREGORY D. JOHNSON,

Plaintiff-Appellant,

versus

RONALD L. KELLY; L. GOLDEN; DAVID TURRUBIARTE; STEPHEN ALLEE;
ASSISTANT WARDEN GLENN SMITH; KEITH CLENDENNEN; MICHAEL LIGHTSEY;
BARBARA REED; KELLI WARD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-344
--------------------

Before KING, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gregory D. Johnson, Texas inmate # 652074, appeals following the summary judgment dismissal of his claims against Captain Ronald Kelly, Major David Turrubiarte, Lieutenant Stephen Allee, Warden Glenn Smith, Keith Clendennen, Michael Lightsey, Barbara Reed, Kelli Ward, and Louise Golden. We affirm in part, vacate in part, and remand for further proceedings on Johnson's retaliation claim against Captain Kelly.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson filed his verified complaint under 42 U.S.C. § 1983 following an incident on July 20, 2001. According to Johnson's allegations, he was accidentally exposed to Hi-Lite, a chemical-based cleaning fluid, while working in the prison bakery. Johnson and other workers were in a locked area of the kitchen and were unable to summon help immediately. Captain Kelly arrived at the scene an hour after the exposure and was informed of what had occurred. He did not assist Johnson in obtaining medical treatment but instead confiscated Johnson's t-shirt, which was soaking in a bucket of water.

Johnson was taken to the prison medical unit approximately 30 minutes later where he was met by Nurse Golden. He told Nurse Golden about the exposure, informed her that he had chemical allergies, and indicated that his eyes and skin were burning. Nurse Golden assessed Johnson's condition and determined that he was not in need of treatment.

Johnson later developed physical manifestations of injury. When he showed these to Captain Kelly on July 23, 2001, the two argued about the events on the day of the exposure, and Johnson indicated that he was going to file a grievance regarding the exposure incident. Captain Kelly then filed an offense report charging that Johnson had made unauthorized use of state property by soaking his t-shirt in the bucket.

This court reviews de novo the district court's grant of summary judgment. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). We evaluate the facts in the light most favorable to the nonmoving party. Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1451 (5th Cir. 1995).

Johnson argues that the district court erred in granting summary judgment on his claim that Captain Kelly, by locking bakers in the kitchen where they lacked access to food service security, restrooms, and emergency medical care, was deliberately indifferent to unsafe prison conditions. "A prison official has violated the Eighth Amendment when he 1) shows a subjective deliberate indifference to 2) conditions posing a substantial risk of serious harm to the inmate." Gates v. Cook, 376 F.3d 323, 333 (5th Cir. 2004). In view of undisputed summary judgment evidence showing that Johnson was trained regarding what to do in the event of a chemical exposure, that he had access to a sink, soap, and running water, and that he used these resources to cleanse and rinse the affected areas, we conclude that the district court did not err in granting summary judgment. See Gates v. Cook, 376 F.3d 323, 333 (5th Cir. 2004).

Johnson also contends that the district court erred in granting summary judgment in favor of Captain Kelly and Nurse Golden on his claims that they were deliberately indifferent to his serious medical needs. Prison officials violate the constitutional prohibition against cruel and unusual punishment

when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991).

The competent summary judgment evidence includes an affidavit from Dr. Larry Largent which establishes that Johnson took appropriate actions to deal with the exposure by bathing and rinsing the affected areas immediately after the exposure and that this is the same treatment that would have been rendered by medical personnel. Dr. Largent further averred that no further treatment is usually warranted unless the patient develops dermatitis. Johnson has pointed to no summary judgment evidence showing that he had any visible signs of injury when he encountered these defendants on the day of the exposure. Accordingly, we affirm the grant of summery judgment on these claims. See id. To the extent that Johnson challenges the district court's reliance on Dr. Largent's affidavit, he has not shown reversible error. See FED. R. CIV. P. 56(e).

Finally, Johnson argues that the district court erred in granting summary judgment on his claim that Captain Kelly retaliated against him by filing an offense report. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

The summary judgment evidence, which included Johnson's declaration submitted under penalty of perjury, shows that Captain Kelly was aware of Johnson's misuse of state property on the date of the chemical exposure, July 20, 2001, but did not file an offense report until the following Monday, July 23, 2001, after Johnson had indicated that he would file a grievance regarding the incident. Captain Kelly explained that he delayed filing the offense report because the incident occurred after his usual departure time. However, Captain Kelly's delay arguably violates the provisions of a handbook issued by the Texas Department of Criminal Justice, which Johnson made a part of the summary judgment record.

Credibility determinations are improper on a motion for summary judgment. See Union Pac. Res. Group, Inc. v. Rhone-Poulenc, Inc., 247 F.3d 574, 584 (5th Cir. 2001). Johnson has raised a genuine issue of material fact as to whether Captain Kelly had a retaliatory motive in filing an offense report based on Johnson's misuse of state property. Accordingly, we VACATE the dismissal of the retaliation claim against Captain Kelly and REMAND for further proceedings on this claim. See Woods v. Smith, 60 F.3d 1161, 1166-67 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1249 (5th Cir. 1989). In so doing we express no opinion as to the merit of the retaliation claim.

Johnson does not brief an argument that the district court erred by granting summary judgment on any other claims.

Therefore, any such challenge Johnson could have raised is deemed to be waived.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.