United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-20693
Summary Calendar

CLARENCE W. BILBREW,

Plaintiff-Appellant,

versus

CORRECTIONAL OFFICER PATRICIA CORONA; ET AL.,

Defendants,

CORRECTIONAL OFFICER PATRICIA CORONA;
M. EDISON; SENIOR WARDEN BRENDA CHANEY;
JOHN #1 DOE; JANE DOE,

Defendants-Appellees.

**Appeal from the United States District Court
for the Southern District of Texas
(4:04-CV-2075)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This *pro se* appeal concerns the dismissal of the underlying 42 U.S.C. § 1983 action by Clarence W. Bilbrew, Texas prisoner # 882188, seeking redress for, *inter alia*, the defendants' alleged retaliatory transfer of Bilbrew from one prison unit to another.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Summary judgment was awarded the defendants. (Bilbrew's motion for the appointment of counsel on appeal and all other outstanding motions are **DENIED**.)

Bilbrew claims the defendants retaliated against him for filing grievances and actions concerning alleged mistreatment by prison staff, including the claimed improper confiscation of his fan, clock radio, and electric hot pot. The summary-judgment evidence provided by the defendants refuted Bilbrew's retaliation contention, and Bilbrew did *not* provide evidence to create a genuine issue of material fact. The dismissal of this action was proper. *See **Jones v. Greninger***, 188 F.3d 322, 324-25 (5th Cir. 1999); ***Resident Council v. United States Dep't of Hous. and Urban Dev.***, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).

Bilbrew also asserts that, due to his prison unit transfer, he was denied his constitutional right of access to the court during the district court proceedings, because, *inter alia*, his transfer interfered with his correspondence with the court. He has *not* shown any prejudice arising from the defendants' alleged actions. *See **Lewis v. Casey***, 518 U.S. 343, 350-51, 355 (1996).

*AFFIRMED; ALL OUTSTANDING MOTIONS DENIED*