# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2007**

Charles R. Fulbruge III
Clerk

No. 05-20212

GREGORY D JOHNSON

Plaintiff - Appellant

V.

LT GERALD FOBBS; CAPT ENOS HARRIS; MAJOR EDWARD HOWELL

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-3583

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gregory Johnson appeals the dismissal on summary judgment of his claims under 42 U.S.C. § 1983 against Gerald Fobbs, Enos Harris, and Edward Howell.  For the following reasons, we AFFIRM.

## I. FACTS AND PROCEEDINGS

Johnson, an inmate of the Texas prison system, filed a complaint against several officials of the Texas Department of Criminal Justice ("TDCJ"), alleging

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations of 42 U.S.C. § 1983. Johns alleged the following relevant facts in his complaint.

Johnson orally complained to another TDCJ employee and Fobbs, the shift supervisor, that he had been denied access to the prison law library. The gravitas of Johnson's complaint was that he was admitted to the law library 15 minutes after some other inmates. Fobbs and another TDCJ employee failed to resolve Johnson's concerns because they were engaged in "playful non-security activity with female officers." Consequently, Johnson filed a grievance against Fobbs, the other officer, and two members of the law library staff on April 28, 2003. Fobbs received the grievance from the unit grievance office on May 14, 2003. On May 15, 2003, Fobbs ordered Johnson to meet with him in a security office. At the meeting, Fobbs demanded that Johnson withdraw his grievance because it contained lies about Fobbs. When Johnson refused, Fobbs became irate, handcuffed Johnson, placed him in detention, and filed a disciplinary report against him, alleging that he created a disturbance and disobeyed an order when he refused to return the hand restraints that had been put on him in order to quell the disturbance.

The next day, Howell processed the disciplinary report. Johnson ultimately had a disciplinary hearing conducted by Harris. Harris found Johnson guilty of both offenses and sentenced him to a reduction of 45 days of his good-time credit and 15 days of solitary confinement.

Johnson filed administrative appeals, which were denied. He also filed a grievance against Fobbs for retaliation, which he lost. Johnson then filed suit against Fobbs, Harris, and Howell. Johnson contends that Fobbs filed the disciplinary charges against him in retaliation for the April 28 grievance and that Fobbs conspired with the other defendants to violate TDCJ procedures and due process in order to cover up Fobbs's retaliation.

The district court granted summary judgment to all defendants. It found that Johnson had not been deprived of due process during his disciplinary hearing. It also found that Fobbs's allegations of retaliation were not supported by any competent summary judgment evidence. Johnson appeals the dismissal of his claims against Fobbs.[1]

## II. STANDARD OF REVIEW

The district court's grant of summary judgment is reviewed de novo. Shell Offshore, Inc. v. Babbitt, 238 F.3d 622, 627 (5th Cir. 2001). The court applies the same standard as the district court. Davidson v. Veneman, 317 F.3d 503, 508 (5th Cir. 2003). The district court's grant of "[s]ummary judgment is appropriate if the record shows 'that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" Shell Offshore, 238 F.3d at 627 (quoting FED. R. CIV. P. 56(c)).

## III. DISCUSSION

A prison official may not retaliate against or harass an inmate for exercising his right to file grievances. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). However, the prisoner must "allege a chronology of events from which retaliation may plausibly be inferred." Id. at 1166. "Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). In his motion for summary judgment, Fobbs presented evidence indicating that Johnson's alleged chronology of events was implausible. Specifically, Fobbs submitted an affidavit in which he stated that he filed the disciplinary report because Johnson "was being disruptive and met the criteria" for the offenses

---

[1] Johnson also appeals the dismissal of his claims against Harris and Howell, but he has failed entirely to address the district court's basis for dismissing his claims against them. Consequently, he has waived review of this issue. Cutrera v. Bd. of Supervisors of La. State Univ., 429 F.3d 108, 113–14 (5th Cir. 2005).

charged. He also asserted that the grievance filed by Johnson "was not even against me. . . . I was simply mentioned in it as a person Mr. Johnson attempted to try to informally resolve the situation with." Fobbs also notes that the grievance was filed two weeks before he filed his disciplinary report. The existence of "a legitimate prison disciplinary report . . . is probative and potent summary judgment evidence, as [is] evidence of the number, nature, and disposition of prior retaliation complaints by the inmate." Woods, 60 F.3d at 1166.

The district court noted that while Johnson asserts that the charges against him are "false," he has never directly denied creating a disturbance or refusing to return the hand restraints to Fobbs. Johnson ultimately lost his disciplinary hearing. The district court also pointed out that Johnson filed an earlier retaliation claim that failed to survive summary judgment.

Though Johnson alleges that Fobbs did not know about the report until May 14, he has offered no competent summary judgment evidence that would indicate the truth of this allegation. His assertions offered to rebut the motion for summary judgment were entirely conclusory, and he has repeated the same conclusory assertions on appeal.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.[2]

---

[2] Because we do not remand the case, Johnson's motion for the appointment of a different judge on remand is moot.