# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2012

No. 11-51125
Summary Calendar

Lyle W. Cayce
Clerk

OVIDIO GARCIA, JR.,

Plaintiff-Appellant

v.

JUANITA GONZALEZ, Texas Parole Board Member; CHARLES AYCOCK, Texas Parole Board Member; RISSI OWENS;

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-92

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Ovidio Garcia, Jr., Texas prisoner # 611164, pleaded guilty before a jury to capital murder of two victims and was sentenced to serve life in prison. He filed the instant 42 U.S.C. § 1983 civil rights suit raising claims related to the denial of his requests for parole. The district court granted the defendants' motion for summary judgment and dismissed his suit. We conduct a de novo

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of this decision. *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).

First, Garcia challenges the district court's rejection of his retaliation claim. In Garcia's view, the two defendants who initially voted to grant him parole in 2006 but subsequently voted to deny his request for parole in 2009 must have changed their votes to retaliate against him for filing a 28 U.S.C. § 2254 suit. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Garcia has not met this standard because he has produced no direct evidence of retaliatory motivation nor has he shown a timeline of events from which retaliation may realistically be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Rather, his claim is based only on the conclusionary allegation that because his parole was denied *after* he filed a § 2254 petition there is necessarily causation. His personal belief that he is a victim of retaliation is insufficient to raise a meritorious retaliation claim. *See id.*; *see also Jones*, 188 F.3d at 325.

Next, Garcia disputes the propriety of the district court's rejection of his claim that his rights under the Ex Post Facto Clause were infringed when parole laws enacted after his offense and conviction were applied to him. Contrary to Garcia's assertions, the district court did not err when it concluded that this claim was unavailing under *Wallace v. Quarterman*, 516 F.3d 351 (5th Cir. 2008). Likewise unavailing is Garcia's reliance upon evidence showing that application of the new laws has resulted in harsher sentences for offenders, as he has not established his sentence was increased because of the changes of which he complains. *See id.* at 353-56.

The judgment of the district court is AFFIRMED.