# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40498
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2013

Lyle W. Cayce
Clerk

RANDY W. WILLIAMS,

Plaintiff-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-61

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Randy W. Williams, Texas prisoner # 401747, appeals from the dismissal
of his 42 U.S.C. § 1983 civil rights complaint under 28 U.S.C. §§ 1915(e)(2)(B)
and 1915A(b)(1) for failure to state a claim on which relief can be granted. We
review the district court's decision de novo. *Hale v. King*, 642 F.3d 492, 497
(5th Cir. 2011).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-40498

Williams argues that prison officials seized various documents from him and prevented him from mailing them in violation of his right of access to the courts and to pursue a redress of grievances. To the extent that seizure of the documents prevented Williams from seeking legal relief that was unrelated to his conviction or his conditions of confinement, the seizure does not implicate a constitutional issue. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996). Even if Williams needed the seized documents – which do not ostensibly concern either his conviction or conditions of confinement − to challenge his conviction, he has not shown that seizure of the documents caused him to suffer an actual injury. *See Lewis*, 518 U.S. at 351. Thus, the district court did not err in concluding that Williams's right to access the courts was not violated. *See id.* at 351-52.

Further, Williams argues that the seizure of his documents violated the First Amendment and that prison officials' reason for confiscating the documents was illegitimate. Here, prison officials decided in light of inmates' abuse of the prison mail system that prisoners should be prohibited from having or mailing documents that could be used in fraudulent schemes. In light of the deference afforded to the determinations of prison officials, Williams has not shown that seizure of the documents was not rationally related to a legitimate penological interest. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *Turner v. Safley*, 482 U.S. 78, 89 (1987). To the extent that he argues that the documents should not have been seized from him because he would have used them permissibly, his claim lacks merit. *See Prison Legal News v. Livingston*, 683 F.3d 201, 216 (5th Cir. 2012).

To the extent that Williams suggests that seizure of the documents was contrary to the policies of the Texas Department of Justice, Correctional Institutions Division (TDCJ-CID), the defendants' mere failure to follow TDCJ-

No. 13-40498

CID policy does not amount to a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).  Also, because Williams has not shown that he was denied any constitutional right, his claims based upon violations of prison policies were properly dismissed. *See Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.  Williams's motion for this court to take judicial notice is DENIED.