# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40705
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2019

Lyle W. Cayce
Clerk

JOE YOUNG,

      Plaintiff-Appellant

v.

CANDACE MOORE, Law Library, McConnell Unit; COREY FURR, Assistant
Warden, McConnell Unit; VERONICA INMON, Classification, McConnell
Unit; JOE GONZALEZ, JR., Guard, McConnell Unit; JANE AND JOHN
DOES, McConnell Unit; JANET SALLES, Mailroom, McConnell Unit;
JENNIFER SMITH, Mailroom Supervisor,

      Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CV-392

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joe Young, Texas prisoner # 844264, appeals the summary judgment
dismissal of his 42 U.S.C. § 1983 action against Texas Department of Criminal
Justice employees Candace Moore and Corey Furr, who denied Young's request
to withdraw inmate trust account funds to cover filing fees in a probate matter,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-40705

as a result of which Young asserts that he lost a house inherited from his mother. Young alleges that Moore and Furr acted out of retaliation after he filed several administrative grievances against them. Young does not brief, and has therefore waived, any challenge to the dismissal of his claims against defendants Inmon, Gonzalez, the Does, Salles, or Smith. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review a summary judgment de novo. *See McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Young fails to show a genuine factual dispute as to whether Moore's and Furr's denial of his funds request had a retaliatory animus. *See* FED. R. CIV. P. 56(a); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). The district court therefore did not err in granting summary judgment for Moore and Furr. *See McFaul*, 684 F.3d at 571.

AFFIRMED.