# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20198
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2019

Lyle W. Cayce
Clerk

JEROLD GRIFFIN,

> Plaintiff - Appellant

v.

CITY OF SUGARLAND, TEXAS; J. YOUNG; M. SHOCKEY; L. JONES,

> Defendants - Appellees

---

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 4:18-CV-3121

---

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jerold Griffin appeals the district court's dismissal of his claims against the City of Sugarland and three of its officers for alleged excessive force during an arrest. We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291.  *Westfall v. Luna*, 903 F.3d 534, 542 5th Cir. 2018). Our review is *de novo.  Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.



No. 19-20198

After reviewing the materials in this case including the video evidence attached to his complaint, we AFFIRM the judgment of the district court.

The district court's careful and well-reasoned opinion thoroughly addresses all of Griffin's claims, and we affirm on that basis. Even accepting Griffin's factual allegations as true, which the video evidence largely corroborates, they are not sufficient to state a claim that the defendant officers used force that was clearly excessive to the need and that was objectively unreasonable under the circumstances. Although Griffin's initial offense was minor, his decision to flee and then resist arrest weighs in favor of the officers' use of force. *See Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1871 (1989). Griffin also fails to identify any settled authority that would have put the defendant officers on notice that the use of force alleged in this case violated Griffin's constitutional rights. Because his excessive force claim fails because there was no violation of his constitutional rights, Griffin's bystander liability theory also fails. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Finally, Griffin's claims against the City fail as a matter of law because a city cannot be held liable under § 1983 if an officer has not inflicted a constitutional injury nor does Griffin show any pattern or practice ratified by the City. *Saenz v. Heldenfels Brothers, Inc.*, 183 F.3d 389, 392–93 (5th Cir. 1999). The other questions raised in Griffin's notice of appeal but that he failed to brief "are considered abandoned." *Dardar v. Lafourche Reality Co., Inc.*, 985 F.2d 824, 831 (5th Cir. 1993).

For the foregoing reasons, the district court's judgment is **AFFIRMED**.