# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2021

Lyle W. Cayce
Clerk

No. 19-20721

Justin Johnson,

*Plaintiff—Appellant*,

*versus*

Bryan Collier,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3349

Before Stewart, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

Justin Johnson alleges that he was transferred from one prison unit to a less desirable one (it supposedly lacks vocational programs) in retaliation for exercising his right of access to the courts. The alleged retaliator is the head of the entire Texas prison system, Bryan Collier, who was one of many

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20721

defendants Johnson sued in a 2016 lawsuit. The district court granted Collier's motion to dismiss. We affirm.

* * *

When considering a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). But "[m]ere conclusory allegations of retaliation will not be enough." *Id.* at 325. The ultimate question is whether the factual allegations "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Bigg v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) ("To state a valid retaliation claim under 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation (internal quotation marks and citations omitted)).

In evaluating the plausibility of Johnson's allegations, it is noteworthy that this is not the typical prisoner retaliation claim alleging that a guard or other prison official working in close proximity to the plaintiff is "out to get" the prisoner because of some earlier personal interaction. *E.g.*, *Butts v. Martin*, 877 F.3d 571, 578–80, 589 (5th Cir. 2017) (alleging that when plaintiff planned to report guard's religious discrimination, guard placed him in solitary confinement); *Bibbs v. Early*, 541 F.3d 267, 268 & n.1 (5th Cir. 2008) (alleging that staff turned the temperature in plaintiff's cell below freezing in retaliation for prisoner's report that they had violated security measures); *Woods v. Smith*, 60 F.3d 1161, 1163 (5th Cir. 1995) (alleging that after plaintiff reported threats by guard, the guard filed false disciplinary reports). Instead, Johnson is alleging that the Executive Director of the Texas Department of Criminal Justice (TDCJ), who is named each year in many lawsuits and with

2

No. 19-20721

whom Johnson had no personal interaction, retaliated against Johnson a year after Johnson named him as a defendant in one of those numerous suits.[1]

Johnson identifies no reason why his 2016 suit might have stood out from the mass of litigation so as to possibly draw the ire of Collier. The suit challenged TDCJ policies concerning religious beards and religious symbols and included Collier as a defendant because of his policymaking position. Many of the claims were dismissed on jurisdictional or procedural grounds, and the religious-beard controversy was mooted when the state changed that policy. So the lawsuit did not burden Collier with any discovery obligations such as a deposition and no judgment was entered against Collier. The gap in time between Johnson's filing of that suit and the allegedly retaliatory transfer is too great to support an inference of causation on its own. *See Woods*, 60 F.3d at 1166. Nor are there any allegations that Collier was personally involved in the transfer decision other than his signature appearing on the transfer order, a formality that exists for the legions of transfer orders issued in a prison system that houses over 100,000 inmates each year. Texas Department of Criminal Justice, Fiscal Year 2019 Statistical Report 1 (2019), https://www.tdcj.texas.gov/documents/Statistical_Report_FY2019.pdf.

The complaint's only specific allegation of retaliatory intent—the statement of an official in the classification department apparently agreeing

---

[1] Johnson has filed other lawsuits in the past. The district court addressed only Johnson's 1995 and 2015 lawsuits, which did not name Collier as a defendant. Johnson's appeal focuses on the 2016 lawsuit, which did name Collier, as his protected activity. Giving Johnson's complaint the liberal reading that *pro so* filings are entitled to, it could be construed as identifying the filing of the 2016 lawsuit as his protected activity. We thus consider the 2016 lawsuit, but nonetheless conclude that Johnson has not plausibly alleged that Collier was personally involved in the transfer decision or otherwise had a retaliatory motive.

with Johnson's belief that the transfer was retaliatory—does not show causation generally or tie any retaliation to Collier. Johnson recounts that upon arriving at his new unit, the classification officer asked Johnson why he was transferred. Johnson replied that he "was being retaliated against because of a lawsuit [he] had filed." The classification officer responded that "it appeared so" because the transfer order did not list a disciplinary reason. This affirmation by the officer does not show any knowledge or corroboration beyond what Johnson personally believed to be the reason for his transfer. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (plaintiff must provide more than a "personal belief that he is the victim of retaliation") (internal quotations and citation omitted). In addition, Johnson did not mention what the lawsuit was about or who was sued. The offhand agreement by an official in one prison's classification department does not tie the transfer decision to the official at the very top of TDCJ's organization chart.

The lack of allegations from which a factfinder could conclude that the head of the entire Texas prison system retaliated against Johnson because of a routine lawsuit renders the claim implausible. *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018) (rejecting retaliation claim where plaintiff did not show personal involvement by department executive).

\* \* \*

We AFFIRM the judgment of the district court.

4