United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 28, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-10460
_____

BETTY JENKINS,

Plaintiff-Appellee,

versus

MARK DE LA PAZ; ET AL,

Defendants,

MARK DE LA PAZ AND
EDDIE HERRERA,

Defendants-Appellants,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

_____

No. 04-10488
_____

ERUBIEL CRUZ; JORGE M. HERNANDEZ;
ROBERTO AMADOR; JAIME ORTIZ;
JAVIER PACHECO; EMIGDIO ESPARZA;
ESTANISLAO MENDOZA; FRANCISCO MENODZA;
JAIME SIGUENZA; HUGO ROSAS; ABEL SANTOS;
JOSE VEGA; GUADALUPE MENDOZA;
DANIEL RICO LICEA; AND BERNARDO ORTUNO,

Plaintiffs-Appellees,

versus

MARK DE LA PAZ; ET AL,

                                                            Defendants,

MARK DE LA PAZ AND
EDDIE HERRERA,

                                                    Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Texas
(03-CV-810)

_____

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

      In these two separate actions, which have been consolidated for the purposes of this appeal, we must consider whether the district court ruled appropriately when it denied City of Dallas Police Officers Mark De La Paz and Eddie Herrera's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Federal Rule of Civil Procedure 12(b)(6) provides in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is require, except that the following defenses may at the option of the pleader be made by motion . . . (6) failure to state a claim upon which relief may be granted . . . .

2

## FACTUAL AND PROCEDURAL BACKGROUND

Betty Jenkins, and a separate class of litigants which included, Erubial Cruz, Jorge M. Hernadez, Roberto Amador, Jaime Ortiz, Javier Pacheco, Emigdio Esparza, Estanislao Mendoza, Francisco Mendoza, Jaime Siguenza, Hugo Rosas, Abel Santos, Jose Vega, Guadalupe Mendoza, Daniel Rico Licca, and Bernardo Ortuno (hereinafter "Cruz"), brought their respective actions against several members of the City of Dallas Police Department. Jenkins and Cruz's complaints involved nearly identical allegations against Officers Mark De La Paz and Eddie Herrera.

Jenkins and Cruz both averred that they were arrested by Officers De La Paz and Herrera, who were working in their capacity as members of the City of Dallas Police Department's Narcotics Division. Jenkins and Cruz were charged with, *inter alia*, possession of narcotics with intent to distribute. Their respective complaints principally suggested that they were arrested based upon factually erroneous arrest warrants. The complaints averred that the warrants stated that substances had been seized from the persons of Jenkins and Cruz, had been field tested, and indicated the presence of narcotics. Jenkins and Cruz contended that the information that was contained in their arrest warrants had been provided by De La Paz and Herrera, and that De La Paz and Herrera were fully aware that the representations that they had made to secure the warrants were fraudulent.

Jenkins and Cruz eventually brought their respective actions against Officers De La Paz and Herrera. The officers moved to dismiss both Jenkins and Cruz's complaints pursuant to Rule 12(b)(6). In response, the officers, contending that Jenkins and Cruz's complaints were factually deficient, sought to have Jenkins and Cruz file a more definite statement in accordance with Rule

3

12(e).[2] Additionally, as the officers raised the affirmative defense of qualified immunity, they sought to have the district court compel Jenkins and Cruz to file more direct responses pursuant to Rule 7(a).[3]

The district court denied the officers' motions to dismiss, noting that at this stage of the proceedings, Jenkins and Cruz's complaints were only required to state allegations which, if taken as true, stated an actionable claim for relief. The district court similarly denied the officers' Rule 12(e) and Rule 7(a) motions. These timely appeals ensued.

## DISCUSSION

A.      Standard of Review

A ruling by a district court on a Rule 12(b)(6) motion is reviewed *de novo*. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).

B.      Analysis

1.      Rule 12(b)(6) Standard

When confronted with an appeal of a district court's order denying a defendant's motion to dismiss a complaint pursuant to Rule 12(b)(6), the underlying complaint is reviewed in the light most favorable to the plaintiff, and as such, all doubts stemming from the complaint are resolved in the

---

[2] Federal Rule of Civil Procedure 12(e) provides in relevant part:

If a pleading to which a responsive pleading is permitted is so vague that or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

[3] Federal Rule of Civil Procedure 7(a) provides in relevant part:

There shall be a complaint and an answer; a reply to the counterclaim denominated as such; an answer to the cross-claim, if the answer contains a cross-claim . . . [n]o other pleading shall be allowed, except that the court may order a reply to an answer . . . .

4

plaintiff's favor. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citations omitted). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be addressed at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)(citation omitted). Moreover, the plaintiff's complaint should not simply contain a litany of conclusory allegations, but must be pled with a certain level of factual specificity. See Collins, 224 F.3d at 498.

The primary issue that a district court must confront at this stage of the proceedings is not whether the plaintiff will ultimately prevail, but, whether the substantive nature of the allegations raised in the complaint are such that the plaintiff "is entitled to offer evidence to support his claim[s]." Jones, 188 F.3d at 324. Given the foregoing, it would be inappropriate for a district court to dismiss a plaintiff's complaint pursuant to a Rule 12(b)(6) motion, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Jones, supra, at 324. (observing that dismissing an action is improper "unless the plaintiff would not be entitled to relief under *any* set of facts or any possible theory that he could prove consistent with the allegations in the complaint") (emphasis added).

2.     42 U.S.C. § 1983

Both Jenkins and Cruz have brought actions pursuant to 42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must satisfy a two-pronged test: (1) the allegation raised in the complaint would, if true, constitute a violation of the United States Constitution or federal law, and (2) the individual being accused was acting under color of state law. See Doe v. Hillsboro Indep.

5

School Dist., 81 F.3d 1395, 1402 (5th Cir. 1996). Similarly, in order to determine whether the allegations raised in a plaintiff's complaint do indeed constitute a "constitutional violation, we analyze the law using the currently applicable . . . standards." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (internal quotation marks omitted).

### 3. Rule 8(a) Standard

The officers ask this court to reverse the district court's orders denying their motions to dismiss Jenkins and Cruz's individual causes of action. We believe that the officers misapprehend Jenkins and Cruz's necessary pleading burden. Federal Rule of Civil Procedure 8(a) requires only that a plaintiff's complaint provide a short and plain statement articulating the reasons supporting the plaintiff's belief that he "is entitled to relief." FED. R. CIV. P. 8(a). Additionally, to comport with Rule 8(a), the complaint must simply either: "(1) provide notice of the circumstances which give rise to the claim or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." General Star Indem. Co. v. Vesta Fire Ins. Co., 173 F.3d 946, 951 (5th Cir. 1999).

### CONCLUSION

We find that Jenkins and Cruz's complaints clearly satisfy Rule 8(a)'s pleading sufficiency standard. The complaints articulate in some detail the nature of the officers' conduct, wherein the officers allegedly falsified the information that formed the underlying factual basis for the respective arrest warrants. If proven true, such conduct would clearly contravene fundamental constitutional principles. See generally Schneider v. Estelle, 552 F.2d 593, 595 (5th Cir. 1977). Moreover, we do not agree with the officers that Jenkins and Cruz's complaints are so deficient that as a consequence, they cannot fully and appropriately respond to the allegations contained therein.

6

Finally, the panel is entirely cognizant that the officers have also appealed the denial of their affirmative defense of qualified immunity. We simply reiterate that this panel is required to review the complaints at issue in a light most favorable to Jenkins and Cruz, resolving all doubts to their benefit. We have thusly considered the issue and hold that, at this stage of the proceedings, the district court correctly found that the officers' alleged conduct was not insulated by the doctrine of qualified immunity.

Accordingly, the district court's denial of the officers' motions to dismiss must be affirmed. AFFIRMED.