United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10707
Conference Calendar

_____

WILLIE LEE MAXWELL,

                              Plaintiff-Appellant,

versus

SAM SALEH, County Court Judge,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CV-71
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Willie Lee Maxwell, Texas inmate # 1163609, appeals the
dismissal as frivolous and for failure to state a claim of his in
forma pauperis (IFP) 42 U.S.C. § 1983 complaint.  Maxwell sued
Sam Saleh to recover the retainer paid to him to act as defense
counsel for Maxwell and his wife; after the payment, Saleh
allegedly informed them that he could no longer represent them
because he had been elected judge.  Maxwell argues that the
district court abused its discretion by not notifying him of his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint's deficiencies and providing an opportunity to amend. He also argues that his suit was not untimely. He further asserts that the actions of Saleh, and others, were under color of state law.

Attorneys do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, we need not address Maxwell's contentions that his § 1983 complaint was timely because, even if the complaint is timely, Saleh is not a state actor for § 1983 purposes. Maxwell has shown no error in the district court's dismissal of his complaint without affording him an opportunity to amend. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999).

Maxwell's appeal lacks arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of this appeal and the dismissal by the district court count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Maxwell is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). Maxwell's motion for production of documents is denied.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION DENIED.