**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-20645
Summary Calendar

TROY L. BISHOP,

Plaintiff–Appellant,

v.

JOHN DOES; JANE DOES; BB FOR BKC, Step Two Grievance Invest;
LINDSAY LEWIS, Step One Grievance Invest; BOBBIE BARNETT; BRIAN
CLENDENNEN; VANESSA JONES,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1375

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Troy L. Bishop appeals the district court's dismissal of his retaliation, Eighth Amendment, and Due Process claims. We affirm.

**I**

Bishop, a state inmate, alleges that he suffers from a psychological disorder that causes him to cut himself with razor blades. Because of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disorder, Bishop was admitted to the Program for the Aggressive Mentally Ill Offender (PAMIO) at the Bill Clements Unit in 2000. He was discharged from the program in 2002 and subsequently sued the PAMIO medical officials on deliberate indifference and retaliation grounds. The district court dismissed the lawsuit as frivolous in 2005. In January 2005, Bishop was again transferred to the Clements Unit. A few days later, however, Dr. David Karney recommended that Bishop be transferred out of the Clements Unit, citing Bishop's previous litigation and conflict between Bishop and Clements Unit staff as the reasons for withdrawal. Vanessa Jones, Vice Chairman of Classification and Records for the Texas Department of Criminal Justice, finalized Bishop's transfer out of the unit based on this recommendation.

In August 2005, Bishop submitted a Step 1 grievance seeking a transfer back to the Clements Unit, where he would not have access to razors. Lindsay Lewis, a grievance investigator at the Wynne Unit, rejected his grievance as untimely. Bishop then submitted a Step 2 grievance. Bobbie Barnett, the Assistant Director of Offender Grievances for the Wynne Unit, rejected the Step 2 grievance. Barnett signed the rejection on behalf of Brian Clendennen, the Director of Offender Grievances for the Wynne Unit.

Bishop, proceeding pro se and *in forma pauperis*, filed suit against Jones, Clendennen, Barnett, and Lewis in their individual capacities. The district court granted summary judgment for the defendants and dismissed Bishop's claims. This appeal followed.

## II

We review the grant of a motion for summary judgment de novo, applying the same standard as the district court.[1] Summary judgment is appropriate where the competent summary judgment evidence demonstrates that there are

---

[1] *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2]

## A

Bishop contends that defendants' actions in transferring him out of the Clements Unit and denying his grievances exhibited deliberate indifference to his health and safety. The district court found that no deliberate indifference was shown since the uncontroverted evidence showed that defendants lacked authority to override Dr. Karney's recommendation that Bishop be transferred out of the Clements Unit.

To sustain an Eighth Amendment claim based on the denial of medical treatment, a prisoner must show that prison officials "acted with deliberate indifference to his health or safety."[3] To act with deliberate indifference, a prison official must know that an inmate faces "a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."[4] Mere negligent treatment of a medical condition does not rise to the level of deliberate indifference.[5] A prisoner's "[d]isagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."[6] Rather, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct."[7]

---

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[3] *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

[4] *Id.* at 561 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (internal citations omitted)).

[5] *Id.* at 561.

[6] *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999) (quoting *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (internal citations omitted).

[7] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation omitted).

We conclude that there is no record evidence to support a showing that defendants acted with deliberate indifference. Jones provided an affidavit explaining that she did not have authority to deny transfer requests that were based on the medical recommendations of licensed medical providers. Her decision, based on a doctor's advice, does not "clearly evince a wanton disregard for [Bishop's] serious medical needs."[8] Similarly, the employees reviewing Bishop's grievance did not act with deliberate indifference, as their actions were based on Dr. Karney's recommendation and the untimeliness of Bishop's grievance.

Moreover, Bishop's transfer from the Clements Unit did not result in a denial of medical treatment. The record reflects that Bishop received numerous medical visits and ongoing mental health treatment for his self-mutilation. As such, Bishop has failed to establish a genuine issue of material fact as to his deliberate indifference claim.

## B

Bishop next asserts that Jones transferred him out of the Clements Unit in retaliation for his previous litigation against the medical staff in that unit. The district court found that Bishop had failed to establish any evidence of a retaliatory motive and granted summary judgment for Jones.

To establish a claim of retaliation, a prisoner must show: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."[9] "Mere conclusory allegations of retaliation" are insufficient.[10] A

---

[8] *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

[9] *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

[10] *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

prisoner must either "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred."[11]

We agree that Bishop has failed to provide any evidence that Jones had a retaliatory motive in her authorization of his transfer. While Karney's recommendation may provide evidence of a retaliatory motive on his part, it does not follow that Jones's decision to follow his medical recommendation was similarly based on a retaliatory motive. The district court correctly granted summary judgment on this claim.

## C

Lastly, Bishop avers that the district court erred in dismissing his claim that Lewis, Barnett, and Clendennen wrongfully denied his Step 1 and Step 2 grievances. Inmates do not have a federally protected liberty interest in having grievances resolved to their satisfaction.[12] Thus, the district court correctly granted summary judgment on this issue.

## III

In sum, the record reflects that Bishop has failed to raise genuine issues of material fact as to his deliberate indifference, retaliation, and Due Process claims. Accordingly, the district court's judgment is AFFIRMED, and Bishop's motion for appointment of counsel is DENIED as moot.

---

[11] *Id.* (citation omitted).

[12] *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).