# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2011

No. 10-30717
Summary Calendar

Lyle W. Cayce
Clerk

ANDREW WOLTERS,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; FRED MENIFEE; JOE KEFFER; DIRECTOR SOUTH CENTRAL REGIONAL OFFICE; HARLEY G. LAPPIN; G. MALDONADO, JR.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-837

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Andrew Wolters, federal prisoner # 10010-12, seeks to proceed in forma pauperis (IFP) on appeal following remand for further development of his claim that prison officials filed retaliatory disciplinary reports. The district court dismissed the claim as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Wolters's motion is a challenge to the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because the district court dismissed Wolters's claim as both frivolous and for failure to state a claim, review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Wolters has failed to show that he is entitled to relief on his retaliation claim. Wolters does not state when his grievances were filed and against whom they were filed. Nor does he state when the allegedly retaliatory actions occurred, merely referring to "false reports" and other "forms of retaliatory conduct." He has thus failed to set forth a chronology of events from which retaliation may plausibly be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Wolters's conclusional allegations, based on his personal belief, that he had been retaliated against are not sufficient to state a valid claim of retaliation. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

Wolters's appeal is without arguable merit and, thus, frivolous. *See Howard*, 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Wolters is cautioned that the dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal as frivolous. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). He, therefore, has two strikes under § 1915(g). Wolters is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.