**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2011

No. 09-10557
Summary Calendar

Lyle W. Cayce
Clerk

JUAREZ MIGUEL BIBBS,

Plaintiff-Appellant

v.

LESLIE EARLY; JAMIE BURKHOLDER; RICHARD GIBSON,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-251

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juarez Miguel Bibbs, Texas prisoner # 649087, brought an action under 42 U.S.C. § 1983, alleging Texas Department of Criminal Justice (TDCJ) Officers Leslie Early, Jamie Burkholder, and Richard Gibson retaliated against him for filing grievances by activating a "purge fan" that caused the temperature in his cell to drop below freezing for about four hours each time in the early morning of December 14, 15, and 16, 2004. The jury returned a verdict in favor of the defendants, and after the denial of his motion for a new trial, Bibbs appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bibbs argues, as he did in his new trial motion, that defense counsel perpetrated a "fraud upon the court" by concealing a work order on the purge fan and by falsely stating in response to a pretrial discovery order that TDCJ Major Fred Early did not personally conduct an investigation into Bibbs's grievance. We review the denial of a new trial motion for abuse of discretion. *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 839 (5th Cir. 2004). Attorney misconduct can warrant a new trial in certain circumstances. *Winter v. Brenner Tank, Inc.*, 926 F.2d 468, 473 (5th Cir. 1991). In addition, federal courts possess the inherent power to vacate their own judgments on proof that a fraud has been perpetrated on the court. *Fierro v. Johnson*, 197 F.3d 147, 152 (5th Cir. 1999).

Bibbs cannot show misconduct by defense counsel, much less fraud on the court. Bibbs evidently believes that the defendants' production of documents pertaining to an independent "air handler" system located below the purge fan suggests that defense counsel withheld evidence, such as maintenance records, pertaining to the purge fan. However, nothing in the record suggests that such records regarding the purge fan existed, and the records custodian testified that there simply were no work orders for the purge fan. It was reasonable for TDCJ employees investigating a complaint about the purge fan to compile records relating to maintenance issues involving the air handler that is installed just below it. In addition, work order # 05007796, which Bibbs asserts was concealed by defense counsel, was admitted into evidence at trial, and any error in the defendants' failure to produce the document was harmless. *See* FED. R. CIV. P. 61. Similarly, Bibbs insists that defense counsel lied when he stated in response to a pretrial discovery order that Major Fred Early did not personally conduct an investigation into Bibbs's grievance. However, a TDCJ grievance investigator testified that Major Early did not investigate the grievance even though he received information regarding it.

Bibbs also appeals numerous evidentiary rulings, which we review for abuse of discretion. *See Abner v. Kan. City So. R.R. Co.*, 513 F.3d 154, 168 (5th

Cir.2008).   Relying on Federal Rule of Evidence 402, Bibbs argues that the district court improperly excluded exhibits showing the temperature when the purge fan was allegedly activated.   However, the district court excluded the exhibits as unauthenticated, and Bibbs does not show that the documents were in fact properly authenticated or otherwise explain how the district court abused its discretion in excluding it.   *Cf.* FED. R. EVID. 104(b), 901.   Also, the district court correctly excluded another prisoner's grievance because it was not relevant to Bibb's claim that TDCJ officers retaliated against Bibbs.   *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (holding that in order to state a valid claim for retaliation under § 1983, a prisoner must allege, among other things, "the defendant's intent to retaliate *against the prisoner for his or her* exercise" of a constitutional right (emphasis added)).   Bibbs argues that the district court denied him the opportunity to question Windham regarding TDCJ grievance procedures and denied him the opportunity to question Calvin Askins regarding a business records affidavit.   In fact, the transcript shows that the court allowed Bibbs to question both witnesses and simply ruled that Bibbs should ask questions instead of making statements.

Although Bibbs argues that the district court erred in denying his motion for appointment of counsel, a § 1983 plaintiff is not entitled to appointment of counsel absent exceptional circumstances.   *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1992).   In addition, Bibbs has failed to show any error in the district court's denial without prejudice of his pretrial motion to transcribe the proceedings.   *See* 28 U.S.C. § 753(f).

For the first time on appeal, Bibbs also argues that defense counsel falsely stated during a pretrial hearing that work order # 05007796 did not exist, falsely stated during the trial that he did not know what Bibbs was talking about when Bibbs objected to defense counsel's alleged failure to comply with a discovery order, and failed to produce Officer Burkholder's disciplinary records despite a request for production of those documents. In addition, Bibbs argues for the first

No. 09-10557

time on appeal that defense counsel violated Bibbs's constitutional due process rights, and he complains that the district court failed to determine the admissibility of his exhibits prior to trial, violated his constitutional right to due process by refusing to allow him to approach the bench, and demonstrated bias toward him. We will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances. *AG Acceptance v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009). Such extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from the failure to consider it. *Id.* Accordingly, we decline to consider these arguments.

AFFIRMED; MOTION FOR SANCTIONS AND FOR COSTS DENIED.