# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2012

Lyle W. Cayce
Clerk

No. 12-30072
Summary Calendar

TERRY KEYS,

Plaintiff-Appellant

v.

BLAINE LACHNEY, Assistant Warden, Louisiana State Penitentiary; LOUIS STROUD, Major; LIEUTENANT DICKIE ARMAND; JEREMY MCKEY, Captain,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-31

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terry Keys, Louisiana prisoner #77998, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's judgment granting the defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 civil rights complaint. The district court denied Keys' IFP motion, certifying, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal was not taken in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

good faith. By moving for IFP, Keys is challenging the district court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The record indicates that Keys has raised a nonfrivolous issue regarding whether the district court erred in dismissing his retaliation claim[1] under the *Parratt/Hudson* doctrine.[2] *See Zinermon v. Burch*, 494 U.S. 113, 125-28 (1990); *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984); *Jackson v. Cain*, 864 F.2d 1235, 1249 & n.5 (5th Cir. 1989). Accordingly, the IFP motion is granted. *See Baugh*, 117 F.3d at 202. Nevertheless, we conclude that, under de novo review, the district court's grant of summary judgment was appropriate, and its judgment is therefore affirmed. *See id.; see also Holtzclaw v. DSC Comm. Corp.*, 255 F.3d 254, 258 (5th Cir. 2001).

Keys' retaliation claim was properly dismissed because he did not carry his burden of establishing that "but for" the defendants' alleged retaliatory motive, he would not have received a disciplinary case or been convicted of the charge. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Although Keys contends that he was falsely charged with drug dealing in retaliation for having filed a grievance, the competent summary judgment evidence demonstrates that Keys was charged with and convicted of a prison rule violation after two reliable confidential informants advised officials that they had observed Keys selling cocaine to fellow inmates, including Claude Hulin, and a subsequent search of Hulin on the same date uncovered cocaine in his possession. Keys provided no evidence contradicting this evidence or otherwise establishing a causal connection between his exercise of his First Amendment rights and his disciplinary

---

[1] Keys has abandoned by failing to brief any argument concerning the dismissal of the other claims raised in his original complaint. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

[2] *Parratt v. Taylor*, 451 U.S. 527, 544 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

conviction, other than his conclusional assertion, which is insufficient. *See Woods*, 60 F.3d at 1166; *see also Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

IFP GRANTED; AFFIRMED.