Brian W. Portugal, Special Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM: *

Michael R. Rouse appeals the sentence imposed following his jury convictions for conspiracy to commit securities fraud, mail fraud, and money laundering (Count 1), and aiding and abetting securities fraud (Counts 2 and 3), mail fraud (Counts 4–8), and money laundering (Count 9). As his sole issue on appeal, Rouse argues that the district court clearly erred in finding that the offense involved sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(9)(C) (Nov. 2010).

The determination that the offense involved sophisticated means is a factual finding that we review for clear error. *United States v. Conner,* 537 F.3d 480, 492 (5th Cir.2008). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Betancourt,* 422 F.3d 240, 246 (5th Cir.2005) (internal quotation marks and citation omitted). Our review reveals that the district court did not clearly err in finding that the offense involved sophisticated means. *See* U.S.S.G. § 2B1.1, comment. (n.8 (B)); *United States v. Clements,* 73 F.3d 1330, 1340 (5th Cir.1996).

AFFIRMED.

**Charles E. WIIG, Plaintiff–Appellant**

v.

**C. ULRICH;  Federal Bureau
of Prisons, Defendants–
Appellees.**

No. 12–40339
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 2012.

Charles E. Wiig, Herlong, CA, pro se.

---

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM: *

Charles E. Wiig, federal prisoner # 15749–047, appeals the denial of his pro se, in forma pauperis (IFP) Bivens[1] suit alleging that the defendants denied him meaningful access to Nebraska courts by refusing to provide him with copies of certain Nebraska Court Rules of Appellate Practice and the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Because the district court dismissed the suit both as frivolous and for failure to state a claim upon which relief may be granted, our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir.2005).

The right of prisoners to meaningful court access "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). To establish a valid claim for denial of access to the courts, an inmate must show that he suffered an actual injury as a result of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 351–54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Because the record reveals that the Nebraska Supreme Court dismissed Wiig's appeal of the denial of his request for a writ of coram nobis for lack of jurisdiction, rather than for failure to comply with Nebraska Court Rules of Appellate Practice, and because *Morgan* pertained to the availability of the writ of coram nobis under federal procedural law, rather than Nebraska law, Wiig cannot show that he suffered any injury as a result of the alleged denials. *See id.* The

district court did not err in dismissing Wiig's complaint as frivolous and for failure to state a claim. *See Geiger*, 404 F.3d at 373.

Wiig's appeal is without arguable merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal as frivolous and for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.1996). We caution Wiig that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)