# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2013

No. 12-60958
Summary Calendar

Lyle W. Cayce
Clerk

BOBBY E. WILSON, JR.,

Plaintiff-Appellant

v.

STATE OF MISSISSIPPI; GLORIA GIBBS; ALICIA BOX; JAMES BREWER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:12-CV-79

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Bobby E. Wilson, Mississippi prisoner # 52274, moves to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Wilson's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and imposed a § 1915(g) strike for the dismissal. The district court also denied Wilson's IFP motion, certifying that the appeal was frivolous and not taken in good faith.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilson challenges the denial of IFP status by arguing that prison procedure in calculating the term of imprisonment that he served in connection with a 1994 conviction of auto burglary interfered with his constitutional right of access to the courts. By moving in this court for leave to proceed IFP, Wilson is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The arguments presented by Wilson do not establish that the suit that forms the basis for his denial of access to the courts claim was a nonfrivolous legal claim, nor do his arguments indicate that the defendants denied his right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Accordingly, the district court did not err in determining that Wilson failed to state a claim for the denial of access to the courts, as his claim for relief is not plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Wilson's appeal is without arguable merit and therefore is frivolous. *See Howard,* 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal for failure to state a claim. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Wilson is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.