# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60886

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2014

Lyle W. Cayce
Clerk

TORENO GRIFFIN,

Plaintiff-Appellant,

v.

CYNTHIA WELCH, ALFA SPECIALTY
INSURANCE COMPANY d/b/a ALFA INSURANCE,
and ALFA MUTUAL INSURANCE COMPANY

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:12-CV-148

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Toreno Griffin appeals from the district court's final judgment in which the court granted the defendants-appellees' motion to dismiss under FED. R. CIV. P. 12(b)(6); denied Griffin's cross-motion for partial summary judgment; dismissed with prejudice Griffin's only federal claim, under the Fair Credit Reporting Act ("FCRA"), against the defendants-appellees, Alfa Specialty Insurance Company d/b/a Alfa Insurance and Alfa Mutual Insurance Company (together "Alfa"), and their agent and adjuster,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60886

Cynthia Welch; and exercised its discretion to decline keeping Griffin's remaining state law claims, dismissing all of them without prejudice. For the reasons set out below, we AFFIRM.[1]

We review the district court's grant of the defendants' motion to dismiss under Rule 12(b)(6) de novo, "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[2] "Thus, the court should not dismiss [a] claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint."[3] The well-pleaded facts in Griffin's amended complaint are as follows:

On May 31, 2011, Griffin was in an automobile accident with a third party, who was at fault. Griffin sustained personal injuries and entered into settlement negotiations with the third party's insurer, Alfa, with Welch acting as Alfa's adjuster. In connection with the settlement negotiations, Griffin supplied medical information to Welch. The claim settled on July 18, 2011.

Sometime in September or October of 2011, Welch disclosed the medical information that Griffin had supplied during the now completed settlement negotiations to a third party in a willful, knowing, or grossly negligent manner. Based on this disclosure, Griffin brought this action, asserting a federal claim under a single provision of the FCRA, 15 U.S.C. § 1681b(g)(4) (titled

---

[1] The district court had federal question jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction over this appeal from a final judgment under 28 U.S.C. § 1291.

[2] *Martin K. Eby Const. Co., Inc v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

[3] *Id.* We review the district court's denial of Griffin's motion for partial summary judgment under the usual Rule 56 standards, but the motions are mutually exclusive, and it appears the district court properly granted the motion to dismiss, so we should affirm the denial of Griffin's motion.

"Limitation on redisclosure of medical information"), as well as state law claims. Section 1681b(g)(4) provides:

> (4) Limitation on redisclosure of medical information
> Any person that receives medical information pursuant to paragraph (1) or (3) shall not disclose such information to any other person, except as necessary to carry out the purpose for which the information was initially disclosed, or as otherwise permitted by statute, regulation, or order.

The defendants filed a motion to dismiss under Rule 12(b)(6) arguing that section 1681b(g)(4) does not apply to all potential medical information, only medical information which is provided in connection with a "consumer report" as defined under the FCRA. Because the medical information here was not provided in connection with a consumer report (and Griffin has never even claimed it was), the defendants argued that Griffin failed to state a claim under the FRCA. Griffin filed a cross-motion for partial summary judgment arguing that section 1681b(g)(4)'s scope was broad enough to include the medical information Welch disclosed.

In a well-reasoned memorandum opinion and order,[4] the district court concluded that Griffin failed to state a claim under section 1681b(g)(4). As the district court noted, the statutory provisions relevant to the analysis come from two sections of the FCRA, 15 U.S.C. §§ 1681a and 1681b, and courts construe them together. "Under the foregoing statutory scheme, section 1681b has two functions: it adds to section 1681a(d)'s definition of a consumer report, as well as delineates the permissible uses for those 'communications of information'

---

[4] *See Griffin v. Welch*, No. 4:12-CV-148, 2013 WL 5423804 (S.D. Miss. Sept. 26, 2013) ("District Court Order").

3

No. 13-60886

already falling within the definition of a 'consumer report.'"[5] "[T]he courts have recognized the preeminence of § 1681a and conformed the breadth of § 1681b to its bounds."[6] "'Not to do this would render unnecessarily meaningless the § 1681a restrictive language . . .' while '[c]onforming § 1681b to 1681a preserves the integrity of both sections, while promoting the underlying purpose of the entire subchapter.'"[7]

In short, the district court concluded that Griffin failed to construe section 1681b(g)(4) in light of the FCRA framework as a whole and failed to supply any authority for his expansive reading of the term "medical information." On its face, section 1681b(g)(4) applies only to the receipt of information pursuant to section 1681b(g)(1) or (3), and Griffin's claim falls under neither provision. First, section 1681b(g)(1) applies to the sharing of "a consumer report that contains medical information" by a "consumer reporting agency," but the defendants indisputably are not consumer reporting agencies, so that provision cannot apply.

Second, section 1681b(g)(3) provides, "Section 1681a(d)(3) of this title shall not be construed so as to treat information or any communication of information as a consumer report if the information or communication is disclosed" under certain circumstances. Thus, the district court noted, "In order for a person to have received medical information pursuant to [section 1681a(d)(3)], the medical information must meet the general definition of 'consumer report,' and it must have been shared between affiliates."[8] The

---

[5] *Yang v. Gov't Employees Ins. Co.*, 146 F.3d 1320, 1324 (11th Cir. 1998).

[6] *Hovater v. Equifax, Inc.*, 823 F.2d 413, 419 (11th Cir.), *cert. denied*, 484 U.S. 977, 108 S. Ct. 490, 98 L. Ed. 2d 488 (1987).

[7] *Id.* (quoting *Cochran v. Metropolitan Life Ins. Co.*, 472 F. Supp. 827, 831 (N.D.Ga. 1979)).

[8] *See* District Court Order at *5.

4

medical information here does not qualify as a "consumer report," and it was not received by the defendants through an "affiliate" under the FCRA, so it also does not fall under section 1681b(g)(3).

Because the medical information at issue does not fall under either section 1681b(g)(1) or (3), the district court concluded that Griffin failed to state a claim upon which relief can be granted under section 1681b(g)(4) and therefore granted the defendants' motion to dismiss under Rule 12(b)(6). We agree, essentially for the same reasons set out by the district court. At a more general level, because the medical information here is not connected to any consumer report, section 1681b(g)(4) cannot apply.[9]

Because we conclude that the district court correctly granted the defendants' motion to dismiss, we also conclude that it properly denied Griffin's cross-motion for partial summary judgment.

For the reasons set out above, we AFFIRM.

---

[9] *See Garnett v. Millennium Med. Mgmt. Res., Inc.*, No. 10 C 3317, 2010 WL 5140055, *2 (N.D. Ill. Dec. 9, 2010) ("Instead, the FCRA places restrictions on reporting medical information that might be included in a consumer report because credit information pertains to bills for medical services. *See* 15 U.S.C. § 1681b(g).").