# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2017

Lyle W. Cayce
Clerk

BORIS TWAIN CLEWIS,

                              Plaintiff-Appellant

v.

LIEUTENANT BILLY D. HIRSCH; LIEUTENANT KEVIN G. MAYFIELD,
Assistant Warden; LAWANDA M. HIGHTOWER, Property Officer; INEEQUA
A. FISHER, Property Officer; ROBERT H. QUADA, JR., Librarian 3;
CAPTAIN GREGORY M. VAUGHN; MAJOR CORTNEY SCOTT; CAPTAIN
BRUCE D. BAGGETT; GARLAND R. GOODRUM, Correction Officer V;
MAJOR ROBERT J. JENKINS, JR.; CAPTAIN KENDRIC M. DEMYERS;
TERRILYN H. MERCHANT, Corrections Officer; LIEUTENANT J. G.
BURLESON; LIEUTENANT B. D. RIGSBY; UNKNOWN SELMAN, Assistant
Warden; VICKIE BARROW,

                              Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2308

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Boris Twain Clewis, Texas prisoner # 694570, appeals the summary

judgment dismissal of his civil rights complaint filed against numerous

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-20272

employees of the Texas Department of Criminal Justice (TDCJ) in their official and individual capacities while he was housed on the Wynne Unit. Clewis alleged constitutional and Americans with Disabilities Act (ADA) claims stemming from prison cell searches during which his personal and legal property were allegedly wrongfully confiscated, damaged, and destroyed. He has also moved this court to remand for a *Spears*[1] hearing, to supplement the record, to appoint counsel, and for extraordinary relief and judicial notice requiring employees of the Coffield Unit to preserve his confiscated property.

We review the district court's summary judgment dismissal de novo. *See McFaul v. Venezuela*, 684 F.3d 564, 571 (5th Cir. 2012). As an initial matter, Clewis attempts to adopt and incorporate his opposition to the motion for summary judgment by reference and asks this court to take judicial notice of that pleading. Even a pro se litigant, however, may not incorporate prior pleadings by reference. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). We therefore do not consider the arguments that Clewis has attempted to incorporate into his brief.

Clewis argues that the district court erred in granting summary judgment on his claim that the destruction of legal materials pertaining to his father's succession constituted a denial of his right of access to the courts. The district court found that summary judgment was appropriate as a matter of law because the legal matters at issue did not relate to his underlying conviction or conditions of confinement. Clewis argues that this court in *Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986), held that a prisoner's right of adequate access to the courts is not limited to matters concerning his conviction and confinement but also includes the right to litigate general civil matters, not limited to divorce proceedings and small civil claims.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

No. 16-20272

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Although "the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (footnotes omitted). This right "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

In *Jackson*, this court declined to hold that the right of access to the courts was limited to constitutional, civil rights, and habeas claims, and stated that "reasonable access to the courts must include access in general civil legal matters including but not limited to divorce and small claims." 789 F.2d at 311 (internal quotation marks and citation omitted). However, after *Jackson*, the Supreme Court rendered *Lewis v. Casey*, 518 U.S. 343, 355 (1996), in which the court held that *Bounds* "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. Thus, to recover for a denial of access to the courts, the prisoner must establish that "an actionable claim [involving a challenge to a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented . . . ." *Id.* at 356.

Consequently, as a matter of law, the destruction of legal materials pertaining to Clewis's work on his father's succession does not rise to the level of a denial of the right of access to the courts. *See id.* Clewis's additional

3

No. 16-20272

contention that the prison law library did not have the books he desired on probate and tax law also does not rise to the level of a constitutional deprivation, as there is no "abstract, freestanding right to a law library or legal assistance," and an inmate cannot demonstrate the requisite actual injury for an access-to-the-courts claim "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. To the extent that Clewis also takes issue with the district court's finding that he was denied access to the law library on only a couple of occasions, he does so in a conclusional fashion, and he does not allege that this adversely affected his ability to proceed with a pending case regarding his underlying conviction or conditions of confinement. *See id.* at 356. Clewis has not shown that there is a genuine dispute as to any material fact with regard to his access-to-the-courts claims, and the defendants were entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a).

Clewis has inadequately briefed, and thus waived, review of the district court's dismissal of the remainder of his claims regarding the liability of the defendants in their official and individual capacities for the damage and destruction of his property both randomly and pursuant to prison policy; the denial of due process during his disciplinary proceedings; the denial of due process in securing storage space for his excess property; the denial of his Eighth Amendment rights in refusing him a cart to transport his property; the denial of his retaliation claims; and the denial of his ADA claims. *See Yohey*, 985 F.2d at 225; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED; MOTIONS TO REMAND FOR A *SPEARS* HEARING, TO SUPPLEMENT THE RECORD, TO APPOINT COUNSEL, AND FOR EXTRAORDINARY RELIEF AND JUDICIAL NOTICE (ENTITLED "EMERGENCY MOTION FOR A PRESERVATION ORDER") DENIED.