# United States Court of Appeals for the Fifth Circuit

No. 21-51165

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2022

Lyle W. Cayce
Clerk

Cruz E. Sanchez,

*Plaintiff—Appellant*,

*versus*

Sergeant Galvan; Officer Escamilla; Officer Casillos;
Officer Carrasco; Corporal Payne; Officer LeBlanc;
Officer Burrowls; Officer Grissom; Nurse Jessica
Allen; Corporal Garcia,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CV-43

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.
Per Curiam:*

Cruz E. Sanchez, Texas prisoner # 2351055, requests leave to proceed in forma pauperis (IFP) in his appeal of the district court's grant of summary judgment and dismissal with prejudice of his 42 U.S.C. § 1983 complaint. He

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

also requests appointment of counsel.  To proceed IFP, Sanchez must demonstrate financial eligibility and a nonfrivolous issue for appeal.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  We review a district court's summary-judgment dismissal de novo.  *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012).

The district court summarized Sanchez's claims as follows: excessive use of force; failure to provide meals appropriate for Sanchez's medical condition; failure to prevent Sanchez's suicide attempt; misplacing or stealing personal property; retaliation against Sanchez due to his numerous grievances by changing his meal plan, requesting that he be handcuffed and shackled while going to medical appointments, and instituting disciplinary proceedings against him; supervisory liability; and harassment and physical and mental abuse.  On appeal, Sanchez largely fails to mention the district court's reasons for granting summary judgment and dismissing the instant case.  To the extent that Sanchez failed to identify any error in the district court's analysis, he has abandoned any challenge he might have raised regarding the decision.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As to Sanchez's claims of harassment, threats, and retaliation, he does not explain how the alleged acts violated his constitutional rights.  *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983).  To the extent that he argues the district court prevented him from conducting discovery, Sanchez does not explain how additional discovery would have created a genuine issue of material fact.  *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006).

No. 21-51165

Because Sanchez has not demonstrated that his appeal involves "legal points arguable on their merits," his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted); *see Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. His motion for appointment of counsel is DENIED as moot.

The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-39 (2015). Sanchez is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).